## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 14-20507-CIV-ROSENBAUM

JASON H. WEBER and XANDER LAW
GROUP, P.A.,

        Appellants,

v.

MANCUSO LAW, P.A., and INFOLINK
GLOBAL CORPORATION,

        Appellees.

_____/

### ORDER DENYING APPELLANTS' MOTION FOR RECONSIDERATION

This matter is before the Court upon Appellants Jason H. Weber and Xander Law Group,

P.A.'s Motion for Reconsideration of the Court's Order denying Appellants' bankruptcy appeal

[ECF No. 11]. The Court has reviewed the Motion, the response, and the record in this case, and for

the reasons set forth below, denies the Motion for Reconsideration.

### I. Background

This action arises from a Chapter 11 bankruptcy proceeding currently pending before the

Honorable A. Jay Cristol in the United States Bankruptcy Court for the Southern District of Florida.

On February 12, 2012, the Bankruptcy Court entered an order confirming the debtors' Chapter 11

reorganization plan. Pursuant to the plan, Appellee Infolink Global became the Reorganized Debtor

and took control of the debtors' business operations, assets, and affairs. A defendant in a corollary

adversary proceeding, Prieur Leary, and his purported company, Prontocom, Inc., subsequently filed

an appeal of the Confirmation Order, which was assigned to the Honorable Kenneth A. Marra in the

United States District Court for the Southern District of Florida. *See Leary v. Infolink*, No. 1:12-cv-

21339-KAM (S.D. Fla.).  Although Judge Marra initially affirmed the Bankruptcy Court's Order, upon motion for reconsideration, Judge Marra reversed, remanding the case to the Bankruptcy Court "for the limited purpose of making factual findings as to the relationship between Leary and Prontocomm." *Leary v. Infolink*, No. 1:12-cv-21339-KAM, ECF No. 41 at 2 (S.D. Fla. July 29, 2013).  Judge Marra further directed the Bankruptcy Court to issue a new final judgment after making its factual finding.  *Id.*  Following the District Court's remand, on August 6, 2013, the Bankruptcy Court entered an order reopening the case and setting a status conference in order to discuss with the parties how the action would proceed.

Notwithstanding the District Court's limited order of remand and the Bankruptcy Court's order setting a status conference on the matter, on August 29, 2013, Appellant Jason H. Weber—counsel for several of the entities subject to the Confirmation Order[1]—sent cease-and-desist letters to Appellee Infolink Global's employees and landlord, informing them that the bankruptcy Confirmation Order had been reversed and that, as a result, "any and all assets that were transferred to and vested in Infolink Global, Inc., [must] be immediately restored to the respective owners prior to the confirmation."  The letters directed Infolink Global's employees to cease all business operations and threatened legal action for "failure to comply with the District Court's Order."  *Id.* Weber also directed Infolink Global's landlord to evict Infolink Global from its business premises, claiming that his clients had the right to immediate possession of the property.  *Id.*  It also appears that Weber directed the registrar of Infolink Global's registered web domains to transfer all of the web domains to Weber's law firm.  In addition to this correspondence, Weber filed a Notice of

---

[1] These entities are Infolink Communication Services, Inc., Infolink Panama, S.A., Pronto Group, LLC, and Pronto Group, Inc., collectively referred to by the Bankruptcy Court as the "Leary Entities."

Effectuation of Transfers with the Bankruptcy Court, proclaiming his clients' intent to "effectuate the return of all property that passed title pursuant to the null-and-void Confirmation Order."

Following these actions, Infolink Global filed an emergency motion to prevent Weber and Xander Law Group, P.A.'s clients, collectively referred to as "the Leary Entities," from interfering with its business operations pending the Bankruptcy Court's remand status conference. The Bankruptcy Court granted the motion and set the matter for hearing, requiring Weber and the Leary Entities to appear and to show cause why they should not be held in contempt as a result of their "attempt to effectuate unauthorized transfers." After the show-cause hearing, the Bankruptcy Court entered an order awarding sanctions against the Leary Entities and their counsel. In so ruling, the Bankruptcy Court found that although the parties did not act contemptuously in filing the Notice of Effectuation, they willfully and knowingly interfered with Infolink Global's business operations, and thus, sanctions were "justified and appropriate pursuant to the Court's inherent powers and statutory powers under 11 U.S.C. § 105." The Bankruptcy Court assessed sanctions totaling $12,798.20, an amount that reflects the attorney's fees that Infolink Global incurred in having to litigate the Notice of Effectuation and Order to Show Cause.

Appellants Jason Weber and Xander Law Group, P.A., subsequently appealed the Bankruptcy Court's Order to this Court. The Court affirmed the Bankruptcy Court's Order, finding that the Bankruptcy Court did not abuse its discretion. In particular, the Court noted that Appellants' actions "could reasonably be found to be unjustified and tantamount to bad faith," thus permitting the Bankruptcy Court to impose monetary sanctions pursuant to its inherent powers. *See* ECF No. 10 at 6. Appellants now move for reconsideration of the Court's Order.

## II. Legal Standard

"[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.,* 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002) (citing *Mannings v. Sch. Bd. of Hillsborough County*, 149 F.R.D. 235, 235 (M.D. Fla. 1993)). "The 'purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* at 1369 (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)). Only three major grounds generally justify reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Id.* (citing *Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc.*, 62 F. Supp. 2d 1316, 1331 (M.D. Fla. 1999); *Sussman*, 153 F.R.D. at 694). On the other hand, "[a] 'motion for reconsideration should not be used as a vehicle to . . . reiterate arguments previously made.'" *Id.*

## III. Discussion

Here, Appellants fail to meet the exceedingly high standard necessary to prevail on a reconsideration motion. Appellants neither identify an intervening change in the law nor cite to the availability of new evidence. Rather, Appellants simply insist that the Bankruptcy Court erred in imposing sanctions against them because no evidence supported a finding of bad faith. But the Court already addressed this precise issue in its previous Order. After reviewing the evidence in the record, which indicated that Appellants wrongfully attempted to circumvent the Confirmation Order by relying on a mere technicality, the Court expressly found no error in the Bankruptcy Court's determination that Appellants' conduct was sufficiently reproachful to warrant sanctions. As noted above, a party seeking reconsideration may not simply reiterate arguments previously made—other

-4-

reasons must exist for why the Court should reconsider its earlier decision.  As the Court already determined that "the Bankruptcy Court did not err in finding Weber and Xander Law Group, P.A.'s conduct sanctionable," ECF No. 10 at 6, and Appellants raise no additional arguments as to why they believe that the appeal was wrongly decided, reconsideration must be denied.

## IV. Conclusion

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Appellants Jason H. Weber and Xander Law Group, P.A.'s Motion for Reconsideration [ECF No. 11] is **DENIED**.

**DONE and ORDERED** at Fort Lauderdale, Florida, this 22nd day of May 2014.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

copies to:
Counsel of record

-5-